IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mohammed Jilani,<br><br>Plaintiff,<br><br>v.<br><br>Cathy White, Shanna Peeler, and John Doe,<br><br>Defendants. | ) | Civil Action No. 1:25-8678-BHH<br><br>**ORDER** |

Plaintiff Mohammed Jilani ("Plaintiff" or "Jilani"), a pretrial detainee proceeding *pro se*, filed his complaint against Defendants Cathy White ("White"), Shanna Peeler ("Peeler"), and John Doe ("Doe") (collectively, "Defendants") on July 28, 2025, asserting claims pursuant to 42 U.S.C. § 1983 regarding the alleged lack of medical care for his teeth and skin while incarcerated at the Spartanburg County Detention Center. (ECF No. 1.) On October 7, 2025, Plaintiff filed an amended complaint. (ECF No. 23.)

On November 3, 2025, Plaintiff filed a motion for preliminary injunction and temporary restraining order, and on November 12, 2025, he filed a motion to compel discovery. (ECF Nos. 28, 29.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On December 3, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") and order, outlining the issues and the relevant law, denying Plaintiff's motion to compel, and recommending that the Court grant Plaintiff's motion for injunctive relief by ordering Defendants to provide Plaintiff with dental care. (ECF No. 36.) Defendants filed

objections to the Magistrate Judge's Report on December 17, 2025; Plaintiff filed a reply to Defendants' objections; Defendants filed a sur-reply; and Plaintiff filed a sur-sur reply. (ECF Nos. 40, 50, 51, 55.)

On January 5, 2026, Defendants filed a motion for summary judgment, and the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, outlining the summary judgment procedures and informing Plaintiff of the need to respond to Defendants' motion. (ECF No. 46.) On January 12, 2026, Plaintiff filed a response in opposition to Defendants' motion, along with the notarized statement of Susan Chandler and additional exhibits. (ECF Nos. 52, 53, 54.)

On February 2, 2026, the Magistrate Judge issued a Report addressing Defendants' motion for summary judgment as well as Plaintiff's motion for subpoena. (ECF No. 56.) In her Report, the Magistrate Judge carefully and thoroughly summarized the relevant facts and the evidence of record, including Plaintiff's sworn declarations, Defendants' affidavits, and Spartanburg County's dental policy. (ECF No. 56 at 2-16.) After reviewing the evidence and the applicable law, the Magistrate Judge found, *inter alia*: (1) the parties do not dispute that Defendant White, as Medical Administrator at the Spartanburg County Detention Center, did not personally treat Plaintiff; (2) the parties do dispute whether Defendant Peeler, a nurse practitioner, personally treated Plaintiff; (3) Plaintiff failed to serve Defendant John Doe as directed by the Court; thus, the Court should grant Defendants' motion for summary judgment as to this Defendant; (4) Plaintiff's claims against Defendants White and Peeler in their official capacities for monetary damages are barred by the Eleventh Amendment; (5) Defendants White and Peeler are not entitled to summary judgment at this time on Plaintiff's claims against them in their official capacities

for prospective injunctive or declarative relief because the record contains disputed facts; (6) Defendants are not entitled to summary judgment with respect to Plaintiff's dental-related claims of deliberate indifference against Defendants White and Peeler in their individual capacities but are entitled to summary judgment with respect to Plaintiff's skin-related claims[1]; and (7) the record contains evidence, when viewed in the light most favorable to Plaintiff, to support Defendant White being held accountable on a theory of supervisory liability as the medical administrator overseeing Plaintiff's medical treatment even though she did not personally treat him because she had actual knowledge of the dental policy at issue that harmed Plaintiff, and because she was deliberately indifferent to or tacitly authorized the continued and widespread use of the policy. (*See* ECF No. 56 at 2, 18-39.)

Defendants filed detailed objections to the Magistrate Judge's Report on February 17, 2026, and Plaintiff filed a reply to Defendants' objections on March 2, 2026. (ECF Nos. 63, 64.) Additionally, on May 7, 2026, Plaintiff filed a motion to produce or motion for subpoena to obtain medical records from his dentist appointment on April 28, 2026. (ECF No. 67.)

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

[1] Specifically, the Magistrate Judge concluded that Plaintiff's allegations related to his ongoing skin problems do not state claims for violations of the Eighth and Fourteenth Amendments, and that, even if Plaintiff could demonstrate deliberate indifference regarding his skin problems, Defendants would be entitled to qualified immunity. (*See* ECF No. 56 at 37-38.)

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). To trigger *de novo* review, an objection must be sufficiently specific to reasonably alert the district court of the true ground for the objection. *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II. Summary Judgment

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most

favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123 24 (4th Cir. 1990).

"As the moving party, Defendants are required to identify those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which they believe demonstrate the absence of genuine issues of material fact." *Perez v. Arnold Transp.*, No. 3:15-cv-3162-TLW, 2018 WL 2301850, at *3 (D.S.C. Feb. 12, 2018) (quoting *Celotex*, 477 U.S. at 323). "As the nonmoving party, Plaintiff[ ] must then produce specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 317). "Plaintiffs may not rest on mere allegations or denials; they must produce 'significant probative evidence tending to support the complaint.' " *Id.* (quoting *Anderson*, 477 U.S. at 248). In other words, "the nonmoving party must go beyond the facts alleged in the pleadings and instead rely upon affidavits, depositions, or other evidence to show a genuine issue for trial." *Crawford v. Newport News Indus. Corp.*, No. 4:14-cv-130, 2018 WL 4561671, at *2. (E.D. Va. Mar. 2, 2018) (citing *Celotex*, 477 U.S. at 317), adopted in part, 2018 WL 2943445 (E.D. Va. June 11, 2018), appeal dismissed sub nom. *Kershaw v. Newport News Indus. Corp.*, 2018 WL 8058614 (4th Cir. Oct. 25, 2018).

## DISCUSSION

As an initial matter, it appears that Plaintiff has now been referred to a dentist for treatment. (*See* ECF No. 67 at 1 (seeking records from his dentist appointment on April 28, 2026).) Additionally, it appears that Plaintiff is no longer detained at Spartanburg County Detention Center. (*See* ECF No. 68.) As such, the Court finds as moot Plaintiff's motion for injunctive relief and the Magistrate Judge's Report issued on December 3, 2025,

which recommends that the Court direct these Defendants to provide Plaintiff with dental care. (ECF Nos. 28, 36.)

Next, as to the Magistrate Judge's Report issued on February 2, 2026, the Court first notes that no party has specifically objected to the Magistrate Judge's recitation of the factual background and her detailed summary of the evidence contained in the record. (ECF No. 56 at 2-16.) Although Defendants briefly identify additional facts in their objections, the Court finds no error in the Magistrate Judge's factual recitation and hereby adopts and specifically incorporates that portion of her Report into this order, while also considering the additional facts outlined by Defendants in their objections. (ECF No. 63 at 1-2.)

Additionally, the Court notes that no party has specifically objected to the Magistrate Judge's recommendation that the Court grant Defendants' motion for summary judgment as to Defendant John Doe; nor has any party specifically objected to the Magistrate Judge's finding that Defendants are entitled to summary judgment as to Plaintiff's skin-related claims of deliberate indifference. In addition, no party has objected to the Magistrate Judge's finding that Plaintiff's claims for monetary damages against Defendants White and Peeler in their official capacities are barred by the Eleventh Amendment. After review of these portions of the Magistrate Judge's Report, the Court finds no clear error and accepts all of these recommendations, leaving for consideration only Plaintiff's dental-related claims of deliberate indifference, i.e., Plaintiff's dental-related claims for prospective injunctive and declarative relief against Defendants White and Peeler in their official capacities and Plaintiff's dental-related claims against Defendants White and Peeler in their

individual capacities.[2]

In their objections, Defendants assert that the Magistrate Judge erred in her findings regarding: (1) *Ex Parte Young*; (2) Plaintiff's deliberate indifference claims related to his dental care; (3) *respondeat superior* and supervisory liability; and (4) qualified immunity. (ECF No. 63 at 1.)

As to the Magistrate Judge's findings regarding *Ex Parte Young*, Defendants assert that the Magistrate Judge erred in finding that Plaintiff alleged and offered evidence that Defendants (pursuant to policy, custom, and practice) failed to provide him medical treatment in violation of his constitutional rights, and that Defendants had the necessary direct connection with, or special relation to, Plaintiff's medical treatment sufficient to satisfy *Ex Parte Young*. While the Court does agree with Defendants that the Magistrate Judge went too far in finding that Plaintiff was provided *no* dental care,[3] the Court is not persuaded

[2] As the Magistrate Judge explained, and as Defendants correctly note in their objections, as a pretrial detainee, Plaintiff's deliberate indifference claims are governed by the Due Process Clause of the Fourteenth Amendment, which protects the rights of pretrial detainees to receive adequate medical care. *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001). Although Plaintiff's claims are analyzed under the Fourteenth Amendment, case law interpreting the Eighth Amendment's standard on deliberate indifference is instructive. *See Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021). Also, the Fourth Circuit recently established a test that "permits pretrial detainees to state Fourteenth Amendment claims for deliberate indifference to a serious risk of harm on [a] purely objective basis[.]" *Short v. Harmon*, 87 F.4th 593, 611 (4th Cir. 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Under the objective test set forth in *Short*, a plaintiff must show: (1) he had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that condition posed; (3) the defendant knew or should have known both that the plaintiff had that condition and that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the plaintiff was harmed. *Id.* at 611. Thus, a plaintiff need not establish that Defendants "had actual knowledge of [his] serious medical condition and consciously disregard the risk that their action or failure to act would result in harm." *Id.* Rather, a plaintiff need only show that Defendants "acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

[3] The Magistrate Judge stated: "Here it is undisputed that Plaintiff has been provided no dental care, not that he has been provided one type of treatment when he preferred a different type of treatment." (ECF No. 56 at 35.) While Plaintiff had not been seen by a *dentist* when the Magistrate Judge issued her Report, it is inaccurate to say that he had been provided no dental care as the record shows that Plaintiff received numerous rounds of antibiotics, pain medication, and topical medication in response to his dental complaints.

that Defendants are entitled to summary judgment on this claim at this time, as the Court ultimately agrees with the Magistrate Judge that the record contains disputed facts as to Defendants' proximity to and connections with the enforcement of the health of Plaintiff.[4]

Next, as to Plaintiff's dental-related claims of deliberate indifference against Defendants in their individual capacities, Defendants object that, contrary to the Magistrate Judge's findings, Plaintiff *was* provided constitutionally-adequate dental care, and they argue that Spartanburg County Detention Center's dental policy is *not* unconstitutional. (ECF No. 63 at 9-21.) In support of their arguments, Defendants assert that the facts of *Formica*, a case upon which the Magistrate Judge relies in her Report, are distinguishable from the facts of this case. *See Formica v. Aylor*, 739 F. App'x 745, 748 (4th Cir. 2018). Specifically, Defendants point out that, unlike in *Formica*, Plaintiff here received prompt treatment every time he complained about dental pain and was never ignored.

In addition, Defendants assert that they are entitled to qualified immunity because Plaintiff received constitutionally adequate dental care. Defendants further assert that, *even if* Plaintiff has alleged facts to show the violation of a constitutional right, Defendants were not aware that their actions violated Plaintiff's constitutional rights because no reasonable person would have known that the treatment provided to Plaintiff pursuant to Spartanburg County Detention Center's dental policy was in violation of Plaintiff's rights.

In addition to the foregoing, Defendants assert that the Magistrate Judge erred in finding that Defendant White is not entitled to summary judgment on Plaintiff's supervisory

[4] Nevertheless, the Court notes that Plaintiff's claims for prospective injunctive and declarative relief may now be moot based on Plaintiff's transfer to another facility, as it does not appear that Defendants White and Peeler work at the facility where Plaintiff is now detained; however, the parties do not address this issue because Plaintiff was transferred after Defendants filed their objections.

liability claims because Plaintiff has failed to show an affirmative causal link between White's inaction and the alleged constitutional injury suffered, and because Plaintiff has failed to show that the dental policy commands the injury of which he complains or that his alleged injury was the natural consequence of Defendant White's actions.

After *de novo* review and construing the evidence of record in the light most favorable to Plaintiff, the Court is not persuaded that Defendants are entitled to summary judgment at this time on Plaintiff's dental-related claims of deliberate indifference asserted against them in their individual capacities. While this Court perhaps would not go as far as the Magistrate Judge did in her Report–by definitively finding that Defendants failed to provide constitutionally adequate care and by finding the dental policy at issue unconstitutional on its face–the Court *does* agree with the Magistrate Judge that the record contains disputed facts that make it inappropriate for the Court to grant summary judgment in favor of Defendants at this time. And the Court ultimately believes that a reasonable juror could find from the available evidence that Defendants acted or failed to act in the face of an obvious, unjustifiably high risk of harm under the circumstances, thereby causing injury to Plaintiff. All that being said, however, the Court also notes that Defendants may well be entitled to qualified immunity based on a jury's factual findings,[5] although that is a decision for another day. The Court also notes that Plaintiff ultimately may not be able to hold Defendant White liable under a theory of supervisory liability, but again, the facts as to White's personal involvement in establishing and/or implementing the dental policy at issue are in dispute. Thus, at this time, and in light of the disputed facts in the record, the

[5] Although the question of qualified immunity is ordinarily decided at the summary judgment stage, the Court finds that it cannot resolve the question at this time because material facts are disputed.

Court declines to grant summary judgment in favor of Defendants on these issues. Additionally, because this case involves decidedly non-frivolous and legally complex issues, the Court refers this case to a Magistrate Judge for pre-trial mediation, and the Court appoints counsel to assist Plaintiff at pre-trial mediation.

## CONCLUSION

Based on the foregoing, the Court **finds as moot** both Plaintiff's motion for injunctive relief (ECF No. 28) and the Magistrate Judge's Report issued on December 3, 2025 (ECF No. 36).

Next, the Court adopts the Magistrate Judge's factual recitation from her Report issued on February 2, 2026 (ECF No. 56), and the Court accepts the Magistrate Judge's recommendation and **grants in part and denies in part** Defendants' motion for summary judgment (ECF No. 45). Specifically, the Court grants Defendants' motion as to Defendant John Doe, thereby dismissing him from this action, and the Court grants Defendants' motion as to Plaintiff's skin-related claims of deliberate indifference and as to Plaintiff's claims against Defendants White and Peeler in their official capacities for monetary damages. The Court, however, denies Defendants' motion at this time as to Plaintiff's dental-related claims as outlined herein, and **the Court refers those claims to United States Magistrate Judge Kevin McDonald for pre-trial mediation**. To that end, the Court **appoints** Derek Shoemake and Justin Holloway to represent Plaintiff at mediation, and the Court directs counsel to file appearances within three days. The Court also directs counsel to contact Judge McDonald's chambers at their earliest convenience to schedule mediation.

Finally, the Court **grants** Plaintiff's motion to produce (ECF No. 67) to the extent that the Court instructs Defendants to provide Plaintiff with a copy of any records they may have pertaining to Plaintiff's dentist appointment on April 28, 2026.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 14, 2026
Charleston, South Carolina